Good afternoon. May it please the court. Counsel in 7-11. We have a 7-11 student? Okay. Could you stop the timer a minute? May I ask a question? Of course. Where are you from, sir? Champaign. My name is Joe Anderson. Joe Anderson? I'm sorry, I spoke over you. Joe Anderson? Yes. I'm a 2L at the University of Illinois. Okay. Welcome. Very good. After the argument, it's been at least, I don't know if Justice Goldman did this with us before, but after the argument, we would love to meet you, and we can only do that if we invite both counsels. So after argument, I think this is our last one of the day, we're happy to meet you in the area where you wait so that we can introduce ourselves and find out a little bit more about you. Would you have an objection to that? I'd be happy to do it. Okay. Wonderful. Thank you. And thank you for letting us know about that. Okay. We stopped your time, I think, so we're good. My name is Alexander Munches. I'm with the Office of the State Appellate Defender, and I represent Mr. Roehl. Mr. Roehl appeals from the denial of his- I'm going to stop you real early because you're a veteran here. So the state agrees that the post-conviction counsel failed to argue and seek a ruling on the merits of the claim presented in the amended post-conviction petition. You argue that this concession implies post-conviction counsel was ineffective. End of story? Yes. Yes. End of story. I'm happy to address the state's response to that. Go ahead. I just want to make sure we understand there's a concession. Yeah, I think that pursuant to people v. Hotwagoner, if a claim shows up in an amended petition that's properly supported, then counsel needs to bring it up at the evidentiary hearing. Just full stop. The state does suggest that there's some sort of Scribner's error, which I think is a curious argument that suffers from a lot of problems. I don't think the state is arguing that appointed counsel did not want to raise a- well, let's see. I guess the interplay of the two errors, okay, are the two petitions. So in the pro se petition, there is a Claim 2, and this Claim 2 concerns a 402A2 admonishment error, so a very specific one about mins and maximum sentences that defendants need to hear before they plead guilty. And in the amended petition, appointed counsel said, okay, we decided not to raise that error. And in the amended petition, he doesn't raise the error. He instead raises a 402A4 error and a 402B error. So if we just sort of take the amended petition at its face, you know, I don't think there's an issue. But I understood the state to be arguing, well, maybe by saying we're going to waive Pro Se Claim 2, what we're really saying is that we're not going to raise any 402 error at all. And if that's the case, well, guess what? The amended petition contains that other error I mentioned, 402A4, and also 402B. So if that's the case, now we have a situation where an error is supposed to be waived, but we're not quite sure what it is. And the state says, well, we'll fill in the gap. This was a scrivener's error. Just presume it was the error that wasn't mentioned at the evidence hearing. I think that's a very odd presumption to make, particularly because counsel includes 19 lines of text raising that error and attaches an affidavit supporting the allegation. So I think that that is a very odd presumption for this court to make, and I think that in any other context the court's not in the business of presuming things don't mean what they say. For example, this court would not grant a new trial to a defendant if he argued on appeal that his written jury trial waiver presumably included the word not. That is, the waiver should have read, I hereby do not waive my right to a jury trial. This court doesn't normally just sort of insert words into plainly written statements. And I think that one of the bigger but maybe subtler problems going on here is that even if everything the state says is true, is true, well, it seems like there's broken down communication between appointed counsel and the petitioner. And that should cause this court some concern, because appointed counsel is there to help the petitioner get these constitutional allegations in front of the circuit court to address these issues. And if there was that much miscommunication, then that alone is cause for concern. So I think that, you know, all that is much ado about too much, really. This is a very simple case. This is an amended petition with an allegation in it that's properly supported by an affidavit pursuant to People v. Hotwagner. It is unreasonable for appointed counsel not to seek a ruling on that allegation. Accordingly, we ask that this court reverse and remand for a new evidentiary hearing at which new counsel should be appointed. Thank you. Thank you, counsel. May I please the court? Counsel? My name is Joe Anderson. I'm a 2L at the University of Illinois, and I'm here on behalf of the state. Your Honors, the standard here is not ineffectiveness. It's reasonableness. And while a defendant in post-conviction proceedings has a right to reasonable assistance, reasonable assistance does not require post-conviction counsel to argue frivolous claims. In fact, post-conviction counsel has a duty to refrain from arguing frivolous claims. Now, in this case, the record clearly shows that one of the defendant's claims, a claim that post-conviction counsel refrained from arguing at the evidentiary hearing, was believed to be frivolous and intended to be removed by post-conviction counsel in his amended petition. And but for a scrivener's error in which counsel incorrectly asserted claim 2 instead of claim 4 be removed, we would not be here today. To explain the How do we even begin to understand that based upon the record? The record has nothing in there except really what you've read into it. Correct, Your Honor. So the pro se petition asserted four separate claims. The first and second claims dealt with an assertion of violation of due process rights. The third and fourth claims asserted ineffective assistance. Now, in the amended petition, post-conviction counsel in his last paragraph of that petition, it states, upon conferring with the defendant, claims 2 and claims 3 of the pro se petition are to be removed. The claim 2 is a scrivener's error, Your Honor, and it's the State's belief that neither the defense or the State disagree on whether that's a scrivener's error or not. It clearly is because in the evidentiary hearing, post-conviction counsel argued claim 2. It was argued throughout the evidentiary hearing, and it was arguably the strongest claim of the defendant. So there was no intention to remove that claim in the amended petition. So at a fair hearing, we know that that's a scrivener's error. Well, I mean, even if somebody puts that they don't want to proceed on that, once you get into the world of the trial, you will find that things change rapidly. And so I can see where the evidence might have been put on. But how do you get to the 3 and 4 error? Okay, so. I mean, how do you make that leap? Right. So the question of what should substitute 2 is based on four points, four separate points. One is it could be the only claim that substitutes claim 2 instead of 2 itself. Claim 4 is the only substitute, and this is because the first and second claims were argued at the evidentiary hearing. The third claim was disposed of in that amended petition in that last paragraph. So it couldn't be that one, and that was refrained from arguing because it was disposed of. So the only claim that's left is claim 4 to substitute claim 2 in being disposed. The State concedes error, though, here. The State makes a concession. If it is, in fact, not a scrivener's error. Well, let's assume it's not, because I want to ask you why. If it's not a scrivener's error, you also argue that if it's not a scrivener's error, you want us to remand on a limited basis. Correct, Your Honor. On that fourth claim. Why? Why limit? Because the fourth claim arguably is the only claim that was intended to be argued as far as the defense asserts, and such, the remand should be limited to that. So we should affirm, we should find that the court ruled there's no ineffective assistance to counsel as to all the other claims? Well, Your Honor, the standard is ineffectiveness. It's reasonableness. So it actually falls below the effectiveness here that has to be met here. And the State's belief is, in fact, it is a scrivener's error. I understand that. Another point of the scrivener's error is the fact that the only viable evidence that could have been used at the evidentiary hearing to assert this fourth claim would have been trial counsel's testimony. The trial counsel was not there. He was not subpoenaed nor an affidavit. Now, you might ask, well, is that because post-conviction totally flopped here and totally messed up? Well, that leads me to the third point here, which is it's consistent with post-conviction counsel's strategy, going into the evidentiary hearing with the strongest foot forward, with the due process claims, 1 and 2, and disposing of the ineffective assistance claims of 3 and 4, which he already disposed of 3. And to be clear, the petition also asserts Claim 3, but then removes it at the last paragraph. Defense here today is not arguing that Claim 3 should have been argued. So if it actually was a scrivener's error and 4 was there instead of 2, defense would have no argument. And it's for these reasons, Your Honor, that if there's no more questions, that we ask this Court to affirm. So you're saying there could be strategy, trial strategy, to try not to put forth that claim? It would be trial strategy to put forth the meritorious claims, which are Claim 1 and 2, the due process claims that were argued at the evidentiary hearing, and to dispose of the frivolous claims of ineffective assistance, 3 and 4. Now, the defendant himself, although he didn't have a duty to assert the fourth claim, he also did not assert the fourth claim throughout the entire evidentiary hearing on direct or cross. And it just goes to show and suggest that everybody in that courtroom was on the same page of what was being argued, what was not being argued, even the defendant himself. Well, don't you think the trial court, though, has an obligation to rule on every claim in the petition? I mean, clearly there's no ruling on that fourth claim. Well, Your Honor, every claim that's meritorious and presented to the evidentiary hearing should be ruled on correct. But if a claim was disposed of at the second stage, it never made its way to the third stage evidentiary hearing, and the court wouldn't affirm on, wouldn't dispose of any of those claims because they've already been disposed of at that point. But we don't know that. I mean, this is a supposition that you've made because there's no evidence on the fourth claim, I assume, and because trial counsel wasn't subpoenaed, right? Correct, and the defendant did not assert it himself during the evidentiary hearing. Yes, yes. It's the only substitute that could be there. I mean, we know claim two wasn't supposed to be disposed of. We know that. So there's no explicit abandonment of the fourth claim? No, that's correct, Your Honor. So it's a reasonable strategy. It's not a Strickland-level inquiry. It's a reasonable strategy on a claim that has not been specifically disavowed or abandoned. Excuse me. And as you'll find out in the practice, a lot of things are presented in a hypothetical either-or position. Is it reasonable not to advance that? Is that reasonable representation and a reasonable strategy for an evidentiary hearing, as in this case? It most certainly would be, Your Honor. If it was a scrivener there and he intended to dispose of that, every meritorious claim that the defendant had was argued in that evidentiary hearing and held out. It wouldn't even amount to ineffective assistance, let alone reasonable assistance. You're evaluating it. You're posing this on your evaluation as to what is meritorious. No, Your Honor. I'm evaluating it on the claims that an officer of the court, the Post-Commissioner Counsel, would have disposed of and what he saw as meritorious. This was a pretty significant claim, that he was offered eight years and his trial counsel allowed the offer to lapse, and then he got substantially more time. So how can it be reasonable, assuming that's true, let's just assume that that allegation is true, how is it reasonable to not call the trial counsel for no other reason to rebut this issue? How can that be reasonable trial strategy when you're talking about the deprivation of a man's life for an extra seven years? It definitely, in that case, Your Honor, in that hypothetical, it definitely would be unreasonable. But that's not the case. That's before us. Why is that not the case, Scrivener's error? I mean, does your entire argument rise or fall on the Scrivener's error, then? Correct, Your Honor. Correct. And, again, that's something you've pulled because of the lack of information in the record, not because of anything positive in the record. Well, the one thing that's positive in the record is Claim 3's disposal, and that was an ineffective assistance as well, disposal. I know, but it had nothing to do with the deprivation of a man's liberty. I mean, I can see where you could say, well, he didn't call in because they intended to withdraw that claim, but we have no real evidence in the record. I mean, do you really think just generally that courts at this level should make those kinds of presumptions? Courts quite frequently correct the Scrivener's error if it's – If it's obvious in the record, of course we do. Yeah, if it's justified. Correct. But here, this is something that you've created because of a lack of information, not because of the positive information. Am I understanding that correctly? That is correct, Your Honor. That is correct. That is correct. Okay. Thank you. Thank you. Just in time. Counsel? Thank you. So I think that one of the biggest problems with the presumption going on with the State's argument is that they're saying, well, this claim must have been frivolous. And there is actually some positive record evidence rejecting that assertion, namely the 651C certificate, which accompanied the amended petition, which included this claim. Ordinarily, if a post-conviction attorney thinks that there's a frivolous claim, they go through a process we call a Greer motion or a Finley motion, where they explain to the circuit court, I know you thought that there was a gist of a claim here, but here's why there isn't. So that's a typical process. And that process didn't happen here. In fact, quite the opposite did. I don't think that this Court – Well, they don't have to file a Finley motion if they amend the complaint and would remove this allegation. Sure. Sure. That's right. I think that if they amend it, then the Court might be able to presume something into that. But ordinarily, if there's a finding that states a gist of a claim and counsel is saying, I can't even argue this, it would violate my ethical duties of the Court to present something like this, then there needs to be something on the record about that. You know, and that's my concern, is that you have an officer of the Court bringing forth a petition, and there's nothing in the record that tells us that it's being withdrawn. That's right. This fourth. I'm talking about the fourth allegation where it's a huge difference in time that's being alleged. Yeah, shocking. Almost double. Almost double. Right. So, yeah, it's not the sort of thing you would just think would fall by the wayside. Right. And just to correct one minor, I think factual misstep, that Pro Se Claim 3, that talks about waiving rights to federal alias post-conviction, 214.1 proceedings. That claim does not show up in the amended petition. That claim was, in fact, abandoned by appointing counsel. Number three? Number three. Numbers. Okay. So, with that said, Your Honors, just to conclude by saying this is a simple case, really, about an overlooked claim. Appointing counsel should have presented this, but mistakes happen, and that's why this Court's here. Respectfully, we ask that this Court reverse for new evidentiary hearing with new appointed counsel. Thank you, Your Honors. Thank you. We appreciate the briefs and arguments of counsel. Please stay on your advice. This concludes the oral argument.